No. 592

COLUMBIANA CO. (Comrs.) v. RINEHART

Ohio Appeals, 7th Dist., Columbiana County
No. 274. Decided Nov. 15, 1923

**297. CONTRACTS — Contract in which County Commissioners do not require a bond, held not binding on either county or opposite party.**

POLLOCK, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

The Commissioners of Columbiana County brought an action against the Rinehart Bros. to recover damages for the failure on the part of the Rineharts to perform a contract in which the Commissioners claimed that these defendants entered for the improvement of a certain road in that county. A second amended petition was filed and demurrer filed to the petition, which was sustained. The Commissioners in their amended petition failed to set up that a bond was given as required by law. In fact it was admitted that no such bond was given. The plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the Statutes of Ohio require that the County Commissioners must secure a bond before entering into a contract, a failure to do this renders the contract unenforcible as against the County, and if the contract does not bind the County, it could not bind the other parties to it to perform the work.

Attorneys—J. C. Hanley, for Commissioners; P. M. Smith, for Rinehart.

---

No. 593

HUTCHINSON v. MALONE et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4989. Decided April 25, 1924

**367. DEEDS—Grantee or agent held to have crossed out reversionary part of deed.**
**936. POSSESSION—Heir of grantor held to have right to parcel of ground paramount to right of one who claims title by forcible possession.**

VICKERY, P. J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action brought by Hutchinson to oust one Malone and wife from a little piece of ground, being a small parcel of land on the northwest corner of Lee Road and Miles Avenue in Warrensville, the dimensions of which parcel are circumscribed by the outlines of a church building belonging to the Free Church Association and their successors. This parcel was a portion of a large farm and was occupied by a church building. It was owned and conveyed to the trustees of the Church by Collister, who was the father of plaintiff, who is now the sole heir and representative of her father. Several conveyances were made by Collister and his successor in title of the farm, but this corner parcel was excepted. In 1920 the farm was sold at sheriff's sale, but the small parcel was excepted. Subsequently the farm was purchased by Mr. and Mrs. Malone and this small parcel was excepted in their deed.

In 1923 Malone took forcible possession of this small parcel where the church stood and which had been leased by Hutchinson. The plaintiff claimed title to the property by virtue of the fact that the parcel had belonged to her father, who had conveyed it to the church with the provision that if the property ceased to be used for church purposes it would revert back to the grantor. At the time of recording the deed, lines had been drawn through the reverter clause and it was not so recorded. The lower court granted an injunction. An Appeal was prosecuted to the Court of Appeals. In making the injunction permanent the Court of Appeals held:

1. We are inclined to think that the weight of evidence is that when the grantor gave this deed this reversionary clause was in the deed, but before it was recorded the grantee, or some one connected with him, drew these lines across this clause, in which event the property would have reverted back to the plaintiff.

2. Even though such a construction be given to the evidence in this respect, yet as the plaintiff had held possession of the property and claimed title to it from 19 to 21 years, openly claiming to hold the property as her own, her title was paramount to that of Malone.

Attorneys—Kerruish, Kerruish, Hartshorne & Spooner, for Hutchinson; Reasner & Wieber, for Malone; all of Cleveland.